■ PERCY LAMPMAN, Individually and as Parent and Natural Guardian of KEITH LAMPMAN, an Infant, Respondent, v. CAIRO CENTRAL SCHOOL DISTRICT, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered February 4, 1972 in Greene County, which granted leave to the infant petitioner and his father to file a late notice of claim. On May 15, 1971 the infant petitioner, who was under 14 years of age at the time, was injured while playing on a slide on defendant's property. On May 24, 1971 the mother of the infant notified defendant's clerk about the accident. The clerk later talked with the father who gave him additional information pertaining to the accident. The next communication between the parties was on August 23, 1971 when the father inquired of the defendant's clerk when the medical bills were to be paid. He was told to forward the bills to defendant's insurance agent. The father states in his affidavit that he had the "distinct impression" that the defendant intended to pay him for his son's medical bills. Payment was subsequently refused and on September 30, 1971 the instant proceeding was commenced. Special Term

granted leave to file a late notice of claim to both the infant and the father. In view of the infant's age and the fact that the defendant had notice of the accident within 10 days we cannot say that Special Term abused its discretion in allowing the infant to file late. Consequently, we should not disturb that determination. (*Matter of Murray* v. *City of New York,* 30 N Y 2d 113.) We conclude otherwise insofar as the adult father is concerned. An examination of the record does not reveal facts sufficient to bring him within the purview of subdivision 5 of section 50-e of the General Municipal Law. Special Term, in our opinion, erred in granting the father leave to file late. (*Matter of Tashjian* v. *Central School Dist. No. 5 of Town of Colonie,* 38 A D 2d 1006.) Order modified, on the law, to the extent of denying leave to the adult Percy Lampman, individually, to file a late notice of claim, and, as so modified, affirmed, without costs. Greenblott, J.P., Sweeney, Simons, Kane and Reynolds, JJ., concur.